EDWARD MURRAY, DIRECTOR, ETC.

V.

COSME MARTINEZ

Record No. 861224

October 9, 1987

Present: All the Justices

Robert B. Condon, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.
Stephen F. Forbes for appellee.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether the trial court properly granted a habeas corpus petition upon the ground that the petitioner waived his right to a jury trial because he misunderstood the probable duration of his incarceration. Consistent with well-established appellate principles, we view the facts in the light most favorable to Martinez, who prevailed in the lower court.

At his trial on June 21, 1974, before the Circuit Court of the City of Hampton, Cosme Martinez (Martinez) pled not guilty to charges of murder and armed robbery. Before trial, Martinez advised the court that he had talked with his counsel about waiving a jury trial, that he understood his right to choose a jury trial, but that he wanted to waive that right. Martinez's trial counsel confirmed in open court in the presence of Martinez that the matter had been thoroughly discussed. Upon the Commonwealth's Attorney's concurrence, the trial court heard both charges without a jury. After proving the death of the victim, the Commonwealth introduced Martinez's statement in which he admitted both the armed robbery and the murder. The trial court found Martinez guilty of both charges and sentenced him to confinement in the penitentiary for 15 years on each charge to run consecutively with each other, but concurrently with a 30-year sentence Martinez had recently received in Texas.

Martinez and his trial counsel testified in this habeas corpus proceeding. Each said that he had understood that if the trial court found Martinez guilty, both the Commonwealth's Attorney and defense counsel would urge the court to sentence Martinez to 30 years in the penitentiary, to run concurrently with the 30-year Texas sentence. Martinez indicated that he understood this was only a recommendation by counsel and was not binding upon the trial court.

Martinez and his trial counsel disagree as to what was said to Martinez about service of his sentence. Martinez testified that both the Commonwealth's Attorney and his trial counsel told him he would not have to return to Virginia after serving the Texas sentence. However, his trial counsel testified that, while he told Martinez he probably would not have to return to Virginia to serve his sentence, he made no guarantees. Martinez admits, and the record shows, that the trial court made no statement indicating Martinez would not have to return to Virginia to serve any time after Martinez had served his Texas sentence.

Martinez heard the following discussion between his trial counsel, the Commonwealth's Attorney, and the trial court:

> MR. HOGGE [trial counsel]: If it please the Court, I would — like to ask the Court, in light of the fact that he does have thirty years to serve in the State of Texas, it is my understanding you do serve three-quarters of it down there, that any sentencing imposed upon this man today in this Court be allowed to run concurrently with any previously imposed sentence.

> COURT: All right, sir. If that information is correct, it will be sometime after the year 1990 before this man can look for any —

> MR. HOGGE: That's my understanding. I think the Commonwealth Attorney will corroborate that with a letter.

> MR. DUFF [Commonwealth's Attorney]: Yes, your Honor, we ask, for purposes of what [*sic*] sentencing, that this particular letter be introduced to the Court.

> . . . .

> COURT: It's a record — a letter from Texas Department of Correction, dated December 7, 1973, which indicates the minimum discharge for Mr. Martinez on the sentence in Texas is September 28, 1991.

In 1985, Texas released Martinez on parole. Martinez claims Virginia is now illegally detaining him because he waived his right to a jury trial upon the understanding he had with counsel that he

would not have to return to Virginia to serve any time after the Texas authorities discharged him.

At the habeas corpus hearing, Martinez admitted that when he was sentenced in 1974 he thought the 30-year concurrent term was a "good deal." Martinez's present dissatisfaction is based on his belief that Virginia should have released him when Texas released him.

The habeas court found that Martinez's:

> understanding [about not serving any part of his Virginia sentence after serving his Texas sentence], although demonstrably erroneous, was reasonable, and, because of his understanding, no real defense was presented to the charge, and Cosme Martinez was effectively denied his right to a voluntary election . . . to be tried by the Court rather than a jury.

Habeas counsel contends the trial court found as a fact that Martinez had been assured he would not have to serve any of his sentence in Virginia. We do not agree. If the habeas court had found that these two lawyers had made any such representations, the court surely would have said so in explicit language. Instead, the court found that Martinez and both counsel at the felony trial labored under the misapprehension that service of a 30-year Texas sentence would entail the same prison time as a 30-year Virginia sentence.

■ We reverse on two grounds. First, the trial court was entitled to rely upon Martinez's assurance that he understood and voluntarily waived a jury trial. Martinez's misunderstanding was manifestly unreasonable. He heard both counsel and the trial judge say that his expected discharge date in Texas was in September of 1991. Yet he made no objection to the statement. Second, the evidence does not support the habeas court's finding that Martinez did not voluntarily waive his right to a jury trial. Martinez's contention that he misunderstood the effect of his bargain is not sufficient to establish an involuntary waiver of a jury trial.

Martinez got what he bargained for — a 30-year sentence in Virginia to run concurrently with his Texas sentence, with an expected release date of September 28, 1991. The fact that Texas reduced the time to be served on its 30-year sentence did not reduce the Virginia sentence. In his oral argument, Martinez's counsel conceded that if the Texas sentence had been voided on

direct or collateral attack and had Martinez served very little time, his "understanding" would have included an even earlier release date.

In his habeas corpus petition, Martinez quotes *United States v. Thomas*, 593 F.2d 615 (5th Cir. 1979). The *Thomas* court said:

> [I]n determining the scope of a plea bargain, we cannot use a subjective standard. The test, as applied to this particular issue, is whether 'the evidence viewed objectively would lead one in the position of the defendants to reasonably conclude that the [nolo] pleas would be fully dispositive of all federal criminal matters.'

*Id.* at 623 (citations omitted); *see Lilly v. Commonwealth*, 218 Va. 960, 964-65, 243 S.E.2d 208, 211 (1978); *Crank v. Rogers*, 1 Va. App. 491, 496, 339 S.E.2d 909, 912-13 (1986).

Applying the *Thomas* test, we find as a matter of law that Martinez could not reasonably have concluded that he need not return to Virginia if released by Texas before September 28, 1991. We further hold that Martinez's subjective "misunderstanding" was not a sufficient ground to grant habeas corpus relief.

Second, in this collateral attack on the previous sentence, Martinez has the burden of showing actual prejudice resulting from his "misunderstanding." *See Stokes v. Warden*, 226 Va. 111, 118-19, 306 S.E.2d 882, 885-86 (1983). He has failed to do so. At the habeas corpus hearing, Martinez admitted he had given a full confession and said he was not aware of any evidence which might have been presented on his behalf had he requested a jury trial. He admits he knew of no defense to the charge. We can only speculate as to what sentence a jury might have imposed after hearing Martinez's confession of the robbery and murder of a helpless victim who was shot between his eye and his ear and then cut "on the neck, or head or face." It is certain, however, that the jury could not have specified any sentence it fixed in 1974 to run concurrently with the Texas sentence. Compare Code § 19.2-308 with Code § 19.2-308.1, enacted in 1977.

Accordingly, we reverse the order granting the writ of habeas corpus and dismiss the petition.

*Reversed and dismissed.*