## Richmond

## MARK RANDALL LILLY V. COMMONWEALTH OF VIRGINIA

April 21, 1978.

Record No. 771000.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Robert C. Whitestone; Dickson J. Young* for plaintiff in error.

*Robert E. Bradenham, II, Assistant Attorney General (J. Marshall Coleman, Attorney General,* on brief) for defendant in error.

CARRICO, J., delivered the opinion of the Court.

This case involves a post-sentence motion for withdrawal of a plea of guilty entered pursuant to a plea bargain. The parties fully performed the agreement, but the trial court refused to follow the prosecutor's recommendation for sentencing. The errors assigned all concern the alleged failure of the trial court to warn the defendant that it was not bound by the plea agreement or the recommendation for sentencing.

The defendant, Mark Randall Lilly, originally was charged in two warrants with statutory rape and felonious fondling of a nine-year-old girl. Prior to preliminary hearing, defense counsel and the Commonwealth's Attorney entered into a plea bargain. In return for the defendant's agreement to plead guilty to a charge of attempted rape, the Commonwealth's Attorney agreed to recommend a sentence of ten years in the penitentiary, with the sentence suspended and the defendant placed on probation.

The defendant waived preliminary hearing and indictment. On January 21, 1977, he appeared in circuit court on the attempted rape charge. The court informed the defendant of the nature of the charge and the minimum and maximum punishment therefor. The court also explained to the defendant his right to plead not guilty and have a jury determine both his guilt and his punishment. The court advised the defendant further that he had the right to plead guilty and that, upon such a plea, the court would "fix [his] punishment."

When the defendant stated his intention to plead guilty, the court interrogated him concerning whether he entered the plea voluntarily and with knowledge of its consequences. Receiving affirmative responses, the court accepted the plea. Thereupon,

the Commonwealth's Attorney made the agreed-upon recommendation for a suspended sentence. The court then convicted the defendant of attempted rape. Instead of imposing sentence, however, the court ordered that the defendant be taken into custody and transferred to a state hospital for a psychiatric examination.

The defendant was examined at Central State Hospital and found competent. On January 28, 1977, he was returned to the Stafford County jail. On February 10, the trial court ordered a report by the probation officer "before fixing punishment or imposing sentence."

On February 12, the defendant addressed to the trial judge a hand-written "Special Plea for Mercy." In his lengthy plea, the defendant stated that, although he "thought that the Commonwealth said that the sentence was suspended and that [he] would be placed on probation," he knew "it [was] up to [the trial court] to decide what . . . to do with [him]."

On March 21, the defendant appeared for sentencing. The report of the probation officer was received. The Commonwealth's Attorney reiterated his recommendation for a suspended sentence, and defense counsel urged the court to accept the recommendation.

Noting both the "despicable" nature of the offense and the adverse conclusion in a report from Central State Hospital concerning the defendant's "chances" for rehabilitation, the court sentenced the defendant to serve ten years in the penitentiary, with no part suspended. Thereupon, defense counsel moved that the defendant be permitted to withdraw his guilty plea. Counsel asserted two grounds: (1) "it was represented to [the defendant] that it was likely that he would be placed on probation;" and (2) the report from Central State Hospital "was inadequate in its entirety."

During argument on the motion, the defendant was permitted to speak. He bemoaned the inadequacy of his hospital examination, and he said he had the "understanding" that, after his stay at the hospital, he "would be placed on probation." The trial judge pointed out to the defendant that he could not have obtained his "understanding" from "the Commonwealth" because the commitment to the hospital had been initiated by the court and not by the Commonwealth's Attorney. The court then denied the motion for withdrawal of the guilty plea.

On appeal, the defendant contends that the trial court was obligated, before accepting his guilty plea, to warn him that the court was not bound by any plea agreement or recommendation of the Commonwealth's Attorney. The court failed to give him this warning, the defendant asserts, and, as a result, his plea was rendered "unknowing and involuntary." Accordingly, the defendant concludes, under Rule 3A:11(d), Rules of Court, he had a "mandatory right" to withdraw his guilty plea when the court refused to follow the recommendation of the Commonwealth's Attorney.

■ The defendant's reliance upon Rule 3A:11(d), however, is misplaced. The rule now provides that, if a trial court decides to reject a plea agreement, it shall so advise the accused and shall afford him an opportunity to withdraw his guilty plea. But this provision did not become effective until October 1, 1977; the trial court proceedings in the defendant's case terminated well before that date.

Even if applicable, however, Rule 3A:11(d) would confer only a pre-sentence right to withdraw a guilty plea. The defendant's motion for withdrawal was made after sentencing. In a post-sentence situation, judicial discretion is involved, and the applicable standard for exercising this discretion is enunciated in Rule 3A:25(d)*, as follows:

> "[T]o correct *manifest injustice*, the court within 21 days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea" (emphasis added).

The real question in this case, therefore, is whether, in the exercise of sound judicial discretion, the trial court should have granted the motion for withdrawal to correct some manifest injustice resulting from the circumstances concerning the plea agreement and the recommendation of the Commonwealth's Attorney.

■ In resolving this question, we consider not only what the trial court may have told, or failed to tell, the defendant before accepting his plea but also the events that occurred after acceptance of the plea and before sentencing. If, upon the whole record, it appears that the defendant, at any time before

---

*This rule is codified as Code § 19.2-296.

sentencing, was fairly warned or otherwise made aware that the court was not bound to follow the recommendation of the Commonwealth's Attorney, then the defendant is in no position to claim that his plea was rendered "unknowing and involuntary," resulting in manifest injustice.

■ Form 8, Appendix to Part 3A, Rules of Court, suggests certain questions to be posed to a defendant who has pleaded guilty. Suggested question number 9 is relevant here; it reads as follows:

> "Do you understand that in imposing punishment I am not bound by any agreement between you and your counsel and the Commonwealth's attorney, and I need not follow any recommendation of the Commonwealth's attorney?"

Admittedly, the trial court did not use these exact words to warn the defendant that it was not bound by the plea agreement or the recommendation of the Commonwealth's Attorney. But the court did tell the defendant that, if he pleaded guilty, the court would "fix [his] punishment." This was fair warning to the defendant that the court, and not the Commonwealth's Attorney, would determine what sentence should be imposed upon the defendant.

This, however, was not the only indication the defendant had that the trial court did not consider itself bound by the plea agreement or the recommendation of the Commonwealth's Attorney. Immediately upon entry and acceptance of the guilty plea, instead of imposing the recommended suspended sentence, the court ordered that the defendant be taken into custody and transferred to a state hospital. After the defendant's return to jail from the hospital, the court ordered a report by the probation officer "before fixing punishment or imposing sentence." None of these actions was contemplated by the plea agreement or included in the recommendation of the Commonwealth's Attorney; the actions were sufficient to make the defendant aware that the trial court might not follow the recommendation of the Commonwealth's Attorney.

Indeed, only two days after the probation investigation was ordered, the defendant, in his "Special Plea for Mercy," plainly declared that he knew it was "up to" the trial court to determine what sentence he should receive. The plea was an obvious

attempt to persuade the court to pursue a course the defendant was fully aware the court was not bound to follow.

Yet, the defendant waited until after sentence had been imposed to move to withdraw his guilty plea. Even then, he did not complain of any failure of the trial court to warn him that it was not bound by the plea agreement or the recommendation of the Commonwealth's Attorney. And the reasons actually advanced for the motion amounted to no more than expressions of disappointment in the outcome of the case.

In applying a post-sentence standard of "manifest injustice" under a federal rule similar to our Rule 3A:25(d), the United States Court of Appeals for the Third Circuit has stated:

> "The more severe standard is applied to avoid motions for withdrawal based on disappointment in the terms of the sentence . . . . The reason for the request in this case was clearly disappointment in the sentence [imposed]. We find no abuse of discretion in [the lower court's] conclusion that 'manifest injustice' would not result from a denial of the requests to withdraw the pleas." *Paradiso* v. *United States*, 482 F.2d 409, 416 (1973).

Here, upon the rationale of *Paradiso*, we find that no manifest injustice resulted from the circumstances concerning the plea agreement and the recommendation of the Commonwealth's Attorney. Hence, we conclude that the trial court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*