COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


TOBY STEPHENS, S/K/A
 TOBY DANE STEPHENS
                                      MEMORANDUM OPINION[*]
v.   Record Nos. 1312-96-1 and     BY JUDGE WILLIAM H. HODGES
               1313-96-1                OCTOBER 28, 1997

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Lydia C. Taylor, Judge

          Charles E. Jenkins, II (Brahm & Jenkins, on
          brief), for appellant.

          Robert H. Anderson, III, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Monica S. McElyea, Assistant Attorney
          General, on brief), for appellee.



     Toby Dane Stephens, appellant, contends that the trial judge

abused her discretion in denying his post-sentence motion to

withdraw his guilty pleas.  For the reasons that follow, we

affirm his convictions.

                    I.   BACKGROUND

     Appellant was charged with three crimes occurring on

February 14, 1995.  Those crimes included malicious wounding,

shooting into an occupied dwelling, and using a firearm in the

commission of a felony.  On February 26, 1996, appellant and his

court-appointed attorney, Robert Bohannon, appeared before Judge

Poston.  Appellant entered Alford pleas to malicious wounding and

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

shooting into an occupied dwelling.  The parties presented Judge Poston with a plea agreement indicating that "the sentence for these charges shall run concurrently with" sentences from other pending charges.  It was agreed that Judge Taylor would sentence appellant on these convictions and other pending charges in one proceeding.

On March 4, 1996, appellant appeared before Judge Taylor on charges of first degree murder, malicious wounding, conspiracy to commit murder, and two counts of using a firearm.  These crimes occurred February 18, 1995.  Court-appointed counsel, Robert M. Smith, III, represented appellant on those charges.[1]  Appellant entered Alford pleas to the murder, malicious wounding, and firearm charges.  The parties presented a plea agreement to Judge Taylor under which the Commonwealth agreed to nolle prosequi the conspiracy charge in exchange for guilty pleas to the murder, malicious wounding, and firearm charges.  Also, the agreement stated that, "active incarceration shall not exceed fifty-five (55) years."

On April 26, 1996, Judge Taylor sentenced appellant to a total of forty-five years active incarceration on all charges. Following sentencing, appellant moved to withdraw his guilty

---

[1]Bohannon initially represented appellant on both sets of charges, however, after he withdrew from the murder case due to a conflict of interest, the trial judge appointed Smith.
In addition, appellant's grandmother retained C. Lydon Harrell, Jr., to assist appellant's family and the two court-appointed attorneys.

pleas.  On June 6, 1996, following an evidentiary hearing, Judge Taylor denied the motion. These appeals followed.

## II.  THE LAW

> A motion to withdraw a plea of guilty or nolo
> contendre may be made only before sentence is
> imposed or imposition of a sentence is
> suspended; but to correct manifest injustice,
> the court within twenty-one days after entry
> of a final order may set aside the judgment
> of conviction and permit the defendant to
> withdraw his plea.

Code § 19.2-296 (emphasis added).

Post-sentence motions to withdraw a guilty plea "involve judicial discretion."  Holler v. Commonwealth, 220 Va. 961, 967, 265 S.E.2d 715, 719 (1980).  See also Lilly v. Commonwealth, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (applying federal standard, explaining that post-sentence motions under Code § 19.2-296 require application of "'[t]he more severe [manifest injustice] standard to avoid motions for withdrawal based on disappointment in the terms of the sentence'") (quoting Paradiso v. United States, 482 F.2d 409, 416 (3rd Cir. 1973)).  But see Parris v. Commonwealth, 189 Va. 321, 325, 52 S.E.2d 872, 874 (1949) (explaining that case law requires liberal allowance to withdraw pleas before sentencing as long as there is some basis for believing that the defendant is, in fact, innocent or that

ends of justice will be subserved).

### III.  ANALYSIS

In his appeal, Stephens raises no claim that his Alford pleas were entered involuntarily or that he entered them under fear, duress, coercion, fraud, or official misrepresentation. There is also no claim that appellant misunderstood the effect of the pleas.  Appellant's claim is that he mistakenly agreed to the plea agreement because he was led to believe by one or more of his attorneys that he would not receive as lengthy a sentence as he actually did receive from the trial court.[2]  As a result, appellant claims that the sentence he received was a "shocking departure" from what his attorneys advised him he could receive. The real question in this case, therefore, is whether, in the exercise of sound judicial discretion, the trial court should have granted the motion to withdraw to correct some manifest injustice resulting from the circumstances concerning the entry of the pleas and presentation of the plea agreement.

During the March 4, 1996 hearing, Judge Taylor thoroughly questioned appellant to assure herself that he was entering his pleas knowingly, freely, and voluntarily.  The trial judge carefully explained the consequences and ramifications of

---

[2]To the extent that appellant characterizes his argument as an ineffective assistance of counsel claim, we are precluded from hearing such claims.  Claims of ineffective assistance of counsel may no longer be raised on direct appeal.  Code § 19.2-317.1, which allowed direct appeal of such claims under certain circumstances, was repealed in 1990.  1990 Va. Acts, c. 74.  See also Walker v. Mitchell, 224 Va. 568, 299 S.E.2d 698 (1983).

4

pleading guilty, she reviewed the evidence against him, and explained the maximum sentence that she could impose under the agreement. Following this colloquy, appellant assured the trial judge that the decision was, indeed, his, and that he was satisfied with his attorneys.

Appellant admits that he was aware of the fifty-five year cap on active incarceration contained in the plea agreement and that he received "very sound advice" from Smith. He contends, however, that this advice was substantially in conflict with that offered by Harrell.

Smith testified that he and Bohannon discussed the advantages of having one presentence report and sentencing event under the plea agreement. Smith admitted telling appellant that he could expect to receive a twenty-five to thirty year sentence. However, he also testified that he advised appellant that the decision would be up to the judge and that the limit of active incarceration in the plea agreement was fifty-five years.

Harrell testified that he did not recall advising appellant that he would likely receive a sentence ranging between eight and fifteen years. However, if he did so, Harrell stated that he gave that advice when he was first retained by the family, before he was familiar with all the facts of the case, and that any reference to specific sentences was initiated by appellant. Harrell further testified that he told appellant that the sentence would be entirely at the trial judge's discretion.

At the June 6, 1996 post-sentence hearing on the motion to withdraw his pleas, the trial judge listened to testimony from the attorneys, appellant, and appellant's mother. The trial judge found the testimony of the attorneys to be credible and rejected the testimony of appellant and his mother. The mother recalled that Smith discussed with her and explained the advantages of a sentencing guideline range computed for a single sentencing event and how that range contrasted with the higher range were appellant separately sentenced for the two unrelated sets of crimes. As a result, the trial judge found that appellant was fully and completely informed about the law applicable to his case, that he received competent advice from counsel, and that he was fully informed by his attorneys of the possible consequences of the plea agreement. The trial judge also found Harrell's role merely advisory as a family counselor. It is also well established throughout the record that appellant was aware of the possible consequences of his plea. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). Reviewing the entire record and applying a deferential standard of review to the trial judge's findings, we are unable to say that such findings were plainly wrong.

Appellant's shocked reaction to the sentence received and the arguments presented to the trial court and to this Court

amount to no more than expressions of disappointment in the outcome of his plea agreement.  See Lilly, 218 Va. at 965, 243 S.E.2d at 211.  The trial judge's findings following extensive testimonial evidence are clearly supported by the record.  As a result, we find no Code § 19.2-296 "manifest injustice" requiring correction based on the advice given appellant regarding the guilty pleas or the plea agreement.  We, therefore, conclude that the trial court did not abuse its discretion in denying the appellant's motion to withdraw his guilty pleas.  Accordingly, the judgments of the trial court are affirmed.

Affirmed.