COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Alexandria, Virginia


KAVON ATABAKI

MEMORANDUM OPINION[*] BY
v.     Record No. 1411-98-4     JUDGE JERE M. H. WILLIS, JR.
                                        FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Paul F. Sheridan, Judge

Jerry M. Phillips (Phillips, Beckwith, Hall &
Chase, on brief), for appellant.

Thomas D. Bagwell, Senior Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his conviction of malicious wounding, Kavon

Atabaki contends that the trial court erred (1) in ruling that his

Alford guilty plea was voluntarily and intelligently made, (2) in

refusing to permit him to withdraw his Alford guilty plea, (3) in

ruling that his motion to withdraw his guilty plea was not timely

under Code § 19.2-296, and (4) in refusing to resentence him upon

the basis of newly discovered evidence.  We find no error and

affirm the judgment of the trial court.

Atabaki, a seventeen-year-old juvenile whose case had been

certified to the circuit court, was charged with malicious

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

maiming, and his case was set for trial before a jury.  On the day

of trial, he moved for a continuance.  The motion was denied and,

following a recess at which he conferred with his counsel, Atabaki

tendered a plea of guilty pursuant to North Carolina v. Alford,

400 U.S. 25 (1970).  The plea was based on a plea agreement, which

provided, in pertinent part:

> 8.  . . . I understand that by pleading
> guilty I give up:
>
>> A.  The right to a speedy and public
>> trial by a jury of twelve persons who
>> know that I am presumed to be innocent
>> and all twelve of whom must agree that
>> I am guilty beyond a reasonable doubt
>> and all twelve of whom must agree on a
>> sentence before I could be convicted[.]

Before accepting Atabaki's plea, the trial court engaged in

the following colloquy with him:

> THE COURT:  I have before me a plea
> agreement memorandum under the terms of
> which an Alford-type plea is being rendered
> to the Court to the charge of malicious
> wounding; is that correct?
>
> [ATABAKI]:  Yes, sir.
>
> THE COURT:  You understand that the
> Alford-type plea under the terms of that,
> you are permitted to utilize that advice and
> enter a plea according to the terms of
> Alford in the North Carolina case?
>
> It is, however, once received in by the
> law and in the Department of Corrections and
> otherwise received as a guilty plea, that
> is, that it amounts to a conviction.  That
> is the result of the case under that plea is
> a conviction.
>
> Do you understand that?

-

[ATABAKI]:  Yes, sir.

THE COURT:  All right.  And the crime of malicious wounding, as I'm sure you have been told and understand, is a felony in Virginia?

[ATABAKI]:  Yes, sir.

THE COURT:  And you've been certified by the Juvenile Court and found, the case have been found to be certified to the Circuit Court for trial as an adult.

And on that felony, there is a minimum penitentiary sentence of five years to a maximum of 20 years and a fine that could be as high as $100,000.  Do you understand that?

[ATABAKI]:  Yes, sir.

THE COURT:  Do you also understand that under the law when the case is certified, this would be true under a plea, in any event that the judge does the sentencing had you been tried even by a jury, they would have determined the guilt phase of the case, but the judge would have determined the sentencing phase of the case?

You understood that, did you?

[ATABAKI]:  Yes, sir.

THE COURT:  And that the judge in the sentencing phase of the case has available to him, not only all of the law that would be available to a person were he an adult, but retains that law that would be available to him for the treatment of the case as a juvenile.  Do you understand that?

[ATABAKI]:  Yes, sir.

The court thereupon accepted the plea and, upon hearing a representation of the evidence, convicted Atabaki of malicious maiming.  On Atabaki's motion, the court ordered a presentence

report and continued the case to March 27, 1998, for receipt of that report and sentencing.  On April 9, 1998 the sentencing hearing was held and by order entered April 30, 1998, Atabaki was sentenced to serve twelve years in the Department of Corrections with four years suspended.

On May 20, 1998, Atabaki moved for reconsideration.  He sought to withdraw his guilty plea or, alternatively, he asked for reconsideration of his sentence in light of newly discovered evidence concerning the propensity of the victim for violence. Following a hearing, the trial court denied this motion.

## I.  Withdrawal of Guilty Plea

Code § 19.2-296 provides:

> A motion to withdraw a plea of guilty or
> nollo contendere may be made only before
> sentence is imposed or imposition of
> sentence is suspended; but to correct
> manifest injustice, the court within
> twenty-one days after entry of a final order
> may set aside the judgment of conviction and
> permit the defendant to withdraw his plea.

Atabaki's motion was filed twenty days after entry of the final order imposing his sentence.  Thus, he was permitted to withdraw his guilty plea only upon a showing of manifest injustice.  See Lilly v. Commonwealth, 218 Va. 960, 963, 243 S.E.2d 208, 210-11 (1978).  We review the trial court's denial of the motion only for an abuse of discretion.  Atabaki asserts two grounds for the withdrawal of his plea.

-

First, he asserts that he understood that had he proceeded before a jury on a not guilty plea, the jury, upon finding him guilty, would have determined his sentence. He argues that fearful of this, he elected to plead guilty as the only way to have the trial judge fix his sentence. His contention is refuted by the record of the trial court's advice to him in determining whether to accept his plea. The trial court's determination that Atabaki understood that advice is supported by the record and will not be disturbed on appeal.

Furthermore, even were Atabaki's alleged misunderstanding genuine, his reluctance to submit to normal legal procedure cannot be deemed the basis for declaring a manifest injustice.

Second, Atabaki contends that the trial court erroneously gave him a false understanding that he might be eligible for disposition as a juvenile. The record belies this assertion. The trial court advised him that it retained the option of imposing a juvenile disposition. This advice was correct. See Code § 16.1-272(A)(1).

## II. Timeliness of the Motion to Withdraw

The trial court did not refuse to entertain Atabaki's motion to withdraw his guilty plea. It correctly applied Code § 19.2-296 in ruling that the plea could be withdrawn only upon a showing of manifest injustice.

-

### III. <u>Reconsideration of Sentence</u>

The allegedly after-discovered evidence of the victim's propensity for turbulence did not bear on the merits of the case in the context of a guilty plea. Such evidence, if received, would have been cumulative. Atabaki's contention that he acted in defense of a friend was already before the court. We find no abuse of discretion in the trial court's refusal to reopen the case.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

Benton, J., dissenting.

In North Carolina v. Alford, 400 U.S. 25, 37 (1970), the
Supreme Court held that where an accused "voluntarily,
knowingly, and understandingly" concludes that his interests
require entry of a guilty plea, a plea may be accepted even if
the accused "is unwilling or unable to admit his participation
in the acts constituting the crime."  400 U.S. at 37.  "A
well-accepted definition of 'knowingly' is '[a]n act . . . done
voluntarily and intentionally, and not because of mistake or
accident or other innocent reason.'"  United States v. Jones,
735 F.2d 785, 789 (4th Cir. 1984) (citation omitted).  The
record contains abundant evidence that Kavon Atabaki's plea was
not knowingly and understandingly made.

Atabaki, a seventeen year old, appeared with his counsel
for a jury trial in the circuit court on a charge of malicious
wounding in violation of Code § 18.2-51.  Atabaki testified that
his defense was self-defense in defense of another.  Atabaki and
his parents testified that on the day of trial they were
prepared for a jury trial.  When they arrived for trial,
however, Atabaki's counsel informed them that one witness was
not willing to testify, that she was not prepared to go forward
without the witness, and that she would request a continuance.
When the trial judge denied the continuance, Atabaki's counsel
advised Atabaki and his parents that Atabaki should not risk a
trial because, if convicted, the jury, which was composed of

-

older, conservative retired people, would sentence him. Accepting his counsel's advice, Atabaki agreed to enter a guilty plea pursuant to Alford.  See 400 U.S. at 37 (ruling that an accused may plead guilty even if the accused has a bona fide defense or a claim of innocence).  He signed a plea agreement that contained the following recital:

> 8.  . . . I understand that by pleading guilty I give up:
>
>> A.  The right to a speedy and public trial by a jury of twelve persons who know that I am presumed to be innocent and all twelve of whom must agree that I am guilty beyond a reasonable doubt and all twelve of whom must agree on a sentence before I could be convicted[.]

(Emphasis added).

Both Atabaki's counsel's statement about jury sentencing and paragraph (8)(A) of the plea agreement materially misstated the law.  Code § 16.1-272(A), which was applicable because Atabaki was a juvenile being tried in the circuit court, provides that "[u]pon a finding of guilty of any charge other than capital murder, the [trial judge] shall fix the sentence without the intervention of a jury."

The majority notes that the trial judge asked the following question during the colloquy that preceded his acceptance of Atabaki's plea:

> Do you also understand that under the law when the case is certified, this would be true under a plea, in any event that the judge does the sentencing had you been tried

-

> even by a jury, they would have determined
> the guilt phase of the case, but the judge
> would have determined the sentencing phase
> of the case?

That question, however, is so multifarious that it could not reasonably be said to convey to Atabaki, a seventeen year old, that the jury would not have recommended a sentence at the conclusion of a jury trial. Even if Atabaki had parsed the inquiry, it is doubtful that he could have understood that concept from the phrase "under the law when the case is certified, this would be true under a plea, in any event that the judge does the sentencing had you been tried even by a jury." Indeed, the trial judge's qualification that "this would be true under a plea" would have compounded Atabaki's difficulty in understanding the inquiry. Even the phrase "they [, the jury,] would have determined the guilt phase of the case, but the judge would have determined the sentencing phase of the case" does not clearly convey that, at the conclusion of a jury trial, the judge, without a recommendation from the jury, would have sentenced Atabaki. The words "determined the sentencing phase of the case" have significance only to a legally trained person.

Furthermore, at no time during the colloquy did the trial judge inform Atabaki that the plea agreement was faulty because it contained the misstatement. Indeed, the trial judge

-

seemingly relied upon and buttressed the agreement's

misstatement when he asked the following:

> THE [JUDGE]:  I have before me a plea
> agreement memorandum under the terms of
> which an Alford-type plea is being tendered
> to the Court to the charge of malicious
> wounding; is that correct?
>
> THE DEFENDANT:  Yes, sir.
>
> THE [JUDGE]:  You understand that the
> Alford-type plea under the terms of that,
> you are committed to utilize that advice and
> enter a plea according to the terms of
> <u>Alford</u> in the North Carolina case?
>
> It is, however, once received in by the
> law and in the Department of Corrections and
> otherwise received as a guilty plea.  That
> is, that it amounts to a conviction.  That
> is the result of the case under that plea is
> a conviction.
>
> Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> *       *       *       *       *       *       *
>
> THE [JUDGE]:  All right.  And you understand
> that by signing the agreement you agree to
> enter that plea, the implication of which I
> think I've explained to you, and in so doing
> that you waive your right to have a jury
> trial and you also waive your right to
> appeal your case in the event there had been
> a conviction with the jury?  Do you
> understand that?
>
> THE DEFENDANT:  Yes, sir.

Thus, Atabaki's counsel misstated the law to him; the plea

agreement Atabaki signed contained the same misstatement; and

the trial judge reinforced both misstatements, buttressing the

very inducement that caused Atabaki to plead guilty while

-

proclaiming his innocence.  "From the information at hand,
[Atabaki] labored under a mistake and misapprehension of a
material fact or facts which induced a plea that would otherwise
not have been made."  Parris v. Commonwealth, 189 Va. 321, 326,
52 S.E.2d 872, 874 (1949).

The long standing principle in Virginia is that a motion to
withdraw a plea "should not be denied, if timely made, and if it
appears from the surrounding circumstances that the plea of
guilty was submitted in good faith under an honest mistake of
material fact or facts."  Parris, 189 Va. at 324, 52 S.E.2d at
873.  Elaborating on that principle, the Supreme Court stated
the following:

> "As in other cases of discretionary
> power, no general rule can be laid down as
> to when a defendant will be permitted to
> withdraw his plea.  The decision in each
> case must depend to a great extent on the
> particular attendant circumstances.
> Generally, however, it may be said that the
> withdrawal of a plea of guilty should not be
> denied in any case where it is in the least
> evident that the ends of justice will be
> subserved by permitting not guilty to be
> pleaded in its place.  The least surprise or
> influence causing a defendant to plead
> guilty when he has any defense at all should
> be sufficient grounds for permitting a
> change of plea from guilty to not guilty.
> Leave should ordinarily be given to withdraw
> a plea of guilty if it was entered by
> mistake or under a misconception of the
> nature of the charge; through a
> misunderstanding as to its effect; through
> fear, fraud, or official misrepresentation;
> was made involuntarily for any reason; or
> even where it was entered in-advisedly, if

-

any reasonable ground is offered for going
to the jury."

        *       *       *       *       *       *       *

    "The plea of guilty to a serious criminal
charge should be freely and voluntarily
made, and entered by the accused, without a
semblance of coercion, and without fear or
duress of any kind, and the accused should
be permitted to withdraw a plea of guilty
entered unadvisedly when application
therefor is duly made in good faith and
sustained by proofs and a proper offer is
made to go to trial on a plea of not
guilty."

Id. at 325-26, 52 S.E.2d at 874 (citations omitted).

    The circumstances proved that Atabaki entered his plea
under a mistake of material fact.  I would hold, therefore, that
the trial judge erred in refusing to allow Atabaki to withdraw
his plea.  As the Court noted in Parris, "[t]he circumstances
presented and the belief thereby induced in [Atabaki's] mind
constituted a strong, if not controlling, reason for the
character of the plea interposed."  189 Va. at 326, 52 S.E.2d at
874.

    I also agree with Atabaki's argument that the trial judge
misstated the law on another material issue or, at the least,
stated the law in a way that was unclear.  That misstatement
occurred when the trial judge stated the following prior to
accepting the plea:

        THE [JUDGE]:  And that the judge in the
        sentencing phase of the case has available
        to him, not only all of the law that would
        be available to a person were he an adult,

-

but retains that law that would be available to him for the treatment of the case as a juvenile.  Do you understand that?

THE DEFENDANT:  Yes, sir.

THE [JUDGE]:  Have you been before the Courts before?

THE DEFENDANT:  No, sir.

Atabaki was charged with malicious wounding, which is statutorily defined as an offense qualifying as a violent juvenile felony.  See Code §§ 16.1-228 and 16.1-269.1.  As pertinent to this issue, Code § 16.1-272 provides as follows:

A.  In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing.  Upon a finding of guilty of any charge other than capital murder, the court shall fix the sentence without the intervention of a jury.

1.  If a juvenile is convicted of a violent juvenile felony, the sentence for that offense and for all ancillary crimes shall be fixed by the court in the same manner as provided for adults, but the sentence may be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.

Upon Atabaki's conviction for malicious wounding, the trial judge was required by statute to fix his sentence "in the same manner as provided for adults."  Code § 16.1-272(A)(1).  Thus, the judge erroneously stated that "in the sentencing phase of the case [, the judge] has available to him, not only all of the

-

law that would be available to a person were he an adult, but retains that law that would be available to him for the treatment of the case as a juvenile."  That statement would be true only if Atabaki was not convicted as a violent juvenile offender.  See Code § 16.1-272(A)(2).

Atabaki was before the trial judge to tender a plea on an offense that statutorily labelled him as a "violent juvenile offender."  Thus, the trial judge was required by statute to sentence him as an adult.  The judge's power to suspend the adult sentence upon "terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case" does not equate to the representation the trial judge made to Atabaki.  He was required to convict and sentence Atabaki as an adult, having discretion only to condition a suspension of that sentence using juvenile court remedies.

For all of these reasons, I would hold that Atabaki's plea was not knowingly and understandingly made and that the trial judge erred in denying Atabaki's motion to withdraw his plea.