COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


DAVID TODD UNDERWOOD

                                         MEMORANDUM OPINION* BY
v.    Record No. 0872-98-3               JUDGE ROBERT P. FRANK
                                              MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ROANOKE COUNTY
                        Roy B. Willett, Judge

            (Mark W. Claytor, on brief), for appellant.
            Appellant submitting on brief.

            Thomas D. Bagwell, Senior Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     David Todd Underwood (appellant) appeals his November 23,

1998 conviction of driving while under the influence.  On appeal,

he contends that:  1) the record does not reflect a knowing and

voluntary waiver of his constitutional rights preliminary to a

guilty plea as required by Boykin v. Alabama, 395 U.S. 238 (1969),

and Rule 3A:8(b); 2) due process requires a hearing to determine

"manifest injustice" raised in his motion to withdraw his plea of

guilty; and 3) it is manifestly unjust to require his guilty plea

to stand.  We find that appellant procedurally defaulted issues

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

one and two, and we reject his argument on issue three. We, therefore, affirm his conviction.

## I. BACKGROUND

At his trial on November 23, 1998, appellant pled guilty to driving while under the influence and was sentenced. Appellant was represented by counsel at the trial. Appellant affirmatively answered the trial court's query as to whether he understood that the guilty plea would result in a waiver of all of his rights incident to trial and would result in his conviction. The Commonwealth's attorney summarized the facts of the case, and appellant did not object. The trial court found appellant guilty and stated that appellant was a habitual offender. The trial court gave appellant the opportunity to make a statement before sentencing, and appellant declined to do so.

On December 11, 1998, appellant, represented by new counsel, filed a motion to withdraw the plea of guilty. The trial court heard the motion on December 14, 1998, within twenty-one days of the entry of the final order. Appellant argued that his plea was not knowing and voluntary because his trial counsel was confused and misled appellant. The trial court accepted a proffer of the appellant's evidence and then denied the motion.

## II. ANALYSIS

Appellant argues that the record does not reflect a knowing and voluntary waiver of his constitutional rights preliminary to

-

a guilty plea as required by Boykin v. Alabama, 395 U.S. 238 (1969), and Rule 3A:8(b).

Rule 5A:18 states, in part:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

We find that appellant is procedurally barred from raising this issue on appeal pursuant to Rule 5A:18. Appellant did not raise this issue before the trial court, and, therefore, we do not address it.

Appellant argues that due process requires a hearing to determine "manifest injustice" raised in his motion to withdraw his plea of guilty. At the hearing on the motion to withdraw the plea of guilty on December 14, 1998, the trial judge indicated that he would not grant a hearing on the motion. Appellant's counsel proffered evidence to support the motion but did not object to the trial court's ruling. Further, appellant did not argue that due process requires a hearing to determine "manifest injustice." Accordingly, under Rule 5A:18, appellant's appeal on this issue is procedurally barred.

Code § 19.2-296 states:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct

-

> manifest injustice, the court within
> twenty-one days after entry of a final order
> may set aside the judgment of conviction and
> permit the defendant to withdraw his plea.

On appeal, we review whether the trial court abused its discretion in its decision to deny a motion to withdraw a plea of guilty to correct manifest injustice. See Lilly v. Commonwealth, 218 Va. 960, 963, 243 S.E.2d 208, 210-11 (1978).

In this case, appellant was sentenced on November 23, 1998. He filed his motion to withdraw his plea of guilty on December 11, 1998. The motion was heard by the trial court on December 14, 1998, within twenty-one days of entry of the final order. Therefore, under Code § 19.2-296, the trial court only could grant appellant's motion to withdraw his plea of guilty to correct manifest injustice.

In Lilly, the Supreme Court of Virginia held that in determining whether a trial court abused its discretion in denying a motion to withdraw a plea of guilty, an appellate court should "consider not only what the trial court may have told, or failed to tell, the defendant before accepting his plea but also the events that occurred after acceptance of the plea and before sentencing." Id. at 963, 243 S.E.2d at 211.

In this case, it is clear that the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty for manifest injustice. Appellant argues that his plea was not voluntary because he was misled by his

-

confused trial counsel.  Appellant argues that trial counsel did not inform him that, by pleading guilty, he was forfeiting all rights associated with the legality of the stop and he would qualify as a habitual offender.

The record clearly demonstrates that the trial court advised appellant that the plea of guilty was a waiver of all of his rights incident to trial and that the only issue before the court was appellant's sentence.  The trial court, upon finding appellant guilty, stated, "[H]e's an habitual offender clearly." Finally, the trial court gave appellant the opportunity to make a statement before he was sentenced.  Appellant did not make a statement or ask any questions of the trial court.

Based on the record, we find that the trial judge did not abuse his discretion in denying the motion to withdraw the plea of guilty for manifest injustice.  Therefore, appellant's conviction is affirmed.

<u>Affirmed.</u>

-