COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Malveaux and Callins

LAWRENCE JUNIOR WEBBER

MEMORANDUM OPINION*

v. Record No. 0320-24-2

PER CURIAM

MARCH 25, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
S. Anderson Nelson, Judge

(David B. Hargett; Hargett Law, PLC, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Jennifer L. Guiliano, Assistant
Attorney General, on brief), for appellee.

Upon his guilty pleas, the trial court convicted Lawrence Junior Webber ("appellant") of

abduction, in violation of Code § 18.2-47, assault and battery, in violation of Code § 18.2-57, sexual

battery, in violation of Code § 18.2-67.4, and indecent exposure, in violation of Code § 18.2-387.

On appeal, appellant contends the trial court erred by denying his post-sentencing motion to

withdraw his guilty pleas. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit," "the

dispositive issue or issues have been authoritatively decided," and "the appellant has not argued that

the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(a)-(b);

Rule 5A:27(a)-(b). Finding no error, we affirm the trial court's judgment.

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

## I.  BACKGROUND

"On appeal, we state the facts 'in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'"  *Commonwealth v. White*, 293 Va. 411, 413-14 (2017) (quoting *Evans v. Commonwealth*, 290 Va. 277, 280 (2015)).

In December 2023, appellant and the Commonwealth entered into a written plea agreement on the above-stated charges.[1]  In signing the agreement, appellant acknowledged he had discussed the charges against him with his attorney and his attorney had advised him on the range of potential punishment for each offense.  The agreement also specified the individual charges and possible punishments.  A separate attachment, signed by appellant and incorporated by reference into the plea agreement, detailed the specific punishments the Commonwealth's attorney had "agreed to recommend to the [c]ourt" upon appellant's guilty pleas: 12 months, with all time suspended, for each of the assault and battery, sexual battery, and indecent exposure offenses, and 5 years, with 2 years suspended, for abduction by force, "leaving three (3) years to serve."  The plea agreement further stated appellant's "understand[ing] that in imposing punishment the [c]ourt is not bound by any agreement between [himself] and [his] counsel and the Commonwealth's [a]ttorney, and [that] the [c]ourt need not follow any recommendation of the Commonwealth's [a]ttorney."  It also provided that appellant's pleas were "freely and voluntarily" given.

During appellant's plea colloquy with the trial court, appellant confirmed he had discussed the charges with his attorney and decided to plead guilty because he had committed the offenses. He further acknowledged that he was entering his pleas freely and voluntarily.  The trial court then turned to the specifics of the plea agreement, stating that "[t]he second part of it is an attachment

---

[1] With respect to the abduction charge, appellant originally was indicted for abduction with intent to defile, in violation of Code § 18.2-48.  That indictment was amended to a charge of abduction by force, in violation of Code § 18.2-47.  The written plea agreement reflected the abduction by force charge.

that describes the sentence you'll receive." It confirmed appellant's understanding that "we have sentencing guidelines here in Virginia," "those guidelines are discretionary" and "the [c]ourt does not have to follow them," and "in certain instances, [appellant] could receive up to 13 years" in prison. The trial court then informed appellant that his "total sentence is five years 36 months all of which is suspended, except for three years," subject to certain conditions of suspension. It also told appellant that "[t]his is what's known as an agreed-upon disposition" and that if it accepted the agreement, appellant would be "sentence[d] . . . according to the agreement." After confirming that appellant understood the trial court's questions and had no questions of his own, the trial court found that appellant's guilty pleas had been freely, intelligently, and voluntarily made and accepted the pleas.

The Commonwealth then proffered its evidence, after which counsel for appellant stated that "the reason for the agreement . . . is that's a reasonable period of time for both parties, and we ask the [c]ourt to accept that." The trial court found that appellant was guilty of all the charges and the plea agreement was "reasonable under the circumstances." It accepted the agreement, imposed the recommended sentence and terms of suspension, and entered a conviction and sentencing order.

In January 2024, appellant, through new counsel, moved to withdraw his guilty pleas. He argued that the trial court had erroneously treated his agreement as a dispositional plea rather than a recommendation plea; consequently, "[t]he agreement that [appellant] signed . . . was not the same agreement the [c]ourt . . . accepted and followed." Appellant noted that in contrast to a dispositional plea agreement, under the express terms of his recommendation plea agreement, "the [c]ourt was free to impose whatever sentence [it] felt was appropriate, *including an active sentence less than three years*." Because "[t]he agreement 'taken' by the [c]ourt was materially different" from the one he had entered into, appellant contended, he "could not have knowingly and voluntarily pled guilty" and it would be "a manifest injustice to bind [him] to the [different] plea."

The trial court stayed its final order and, in February 2024, heard argument on the motion to withdraw the pleas. The trial court acknowledged it had "treated [the plea agreement] as an agreed upon disposition" and a "binding plea," but noted there had been neither argument by counsel nor a request by appellant that the court "go below" the recommended three-year active sentence. Counsel for appellant responded, "[t]hat's true. Nobody made any mention of it being different," but maintained that "the manifest injustice is essentially a plea that is involuntary." The trial court rejected appellant's argument and denied the motion to withdraw his guilty pleas, finding no evidence of a manifest injustice because, "when the [c]ourt went over this plea with [appellant], [he] clearly knew what he was going to be sentenced to. [He] indicated to the [c]ourt that he was well aware of what the sentence was going to be."

This appeal followed.

## II. ANALYSIS

Appellant assigns error to the trial court for "denying the motion to withdraw the guilty plea" and "ruling that there was no manifest injustice and that the plea was entered knowingly and voluntarily." Specifically, he contends that "[i]t is a manifest injustice to bind [him] to a plea agreement when the [trial] court 'accepted' a different agreement," which "resulted in an involuntary plea, an unknowing plea."

"We review a [trial] court's decision to deny a motion to withdraw a plea of guilty . . . under an abuse of discretion standard." *Spencer v. Commonwealth*, 68 Va. App. 183, 186 (2017). "The discretion of the able, learned and experienced trial judge . . . will not be interfered with upon review of this Court, unless some injustice has been done." *Schwartz v. Commonwealth*, 41 Va. App. 61, 69 (2003) (alteration in original) (quoting *Jefferson v. Commonwealth*, 27 Va. App. 477, 487-88 (1998)). Accordingly, "we should reverse only upon 'clear evidence that [the decision] was not judicially sound' and not simply to substitute our

- 4 -

'discretion for that rendered below.'" *Id.* (alteration in original) (quoting *Jefferson*, 27 Va. App. at 488). "[O]nly when reasonable jurists could not differ can [the Court] say an abuse of discretion has occurred." *Barrow v. Commonwealth*, 81 Va. App. 535, 543 (2024) (second alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016)).

Code § 19.2-296 provides that

> [a] motion to withdraw a plea of guilty . . . may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Accordingly, "[a] motion to withdraw a guilty plea made *after sentencing* is governed by the 'manifest injustice' standard," which "is a 'more severe standard . . . to avoid motions for withdrawal based on disappointment in the terms of the sentence.'" *Brown v. Commonwealth*, 297 Va. 295, 300 (2019) (quoting *Lilly v. Commonwealth*, 218 Va. 960, 965 (1978)). "The term 'manifest' is defined as being 'synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident.'" *Howell v. Commonwealth*, 60 Va. App. 737, 746 (2012) (quoting *Johnson v. Anis*, 248 Va. 462, 466 (2012)). Thus, a manifest injustice "amounts to an obvious miscarriage of justice, such as an involuntary guilty plea or a plea based on a plea agreement that has been rescinded." *Id.*

"'In examining a case for miscarriage of justice,' courts determine whether the record contains 'affirmative evidence of innocence or lack of a criminal offense.' In addition, 'a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred.'" *Id.* at 746-47 (citation omitted) (quoting *Tooke v. Commonwealth*, 47 Va. App. 759, 765 (2006)). In our analysis, "we consider not only what the trial court may have told, or failed to tell, the defendant before accepting his plea but also the

events that occurred after acceptance of the plea and before sentencing." *Lilly*, 218 Va. at 963. And of particular relevance here,

> [i]f, upon the whole record, it appears that the defendant, at any time before sentencing, was fairly warned or otherwise made aware that the court was not bound to follow the recommendation of the Commonwealth's Attorney, then the defendant is in no position to claim that his plea was rendered "unknowing and involuntary," resulting in manifest injustice.

*Id.* at 963-64.

Appellant's arguments are unavailing. We first conclude that his pleas were voluntary and knowing. Appellant acknowledged during the plea colloquy that he had discussed the charges against him with his attorney, he understood that he could receive up to 13 years in prison for the offenses, and his guilty pleas were entered freely and voluntarily. In signing his written plea agreement with the Commonwealth's attorney, appellant acknowledged these same things, and also acknowledged that in imposing punishment the trial court would not be bound by the agreement and that it would not have to follow the sentencing recommendation of the Commonwealth's attorney. Based on this record, appellant cannot claim that his plea was rendered unknowing and involuntary and that a manifest injustice has occurred. *See id.*

We reject as well appellant's argument that the trial court "'accepted' a different [plea] agreement" from the one he signed, and thus rendered his pleas unknowing and involuntary, and produced a manifest injustice, when the court treated the recommendation agreement as an "agreed-upon disposition."[2] The material terms of the sentence imposed by the trial court were identical to those contained in the recommendation provided in appellant's written plea

---

[2] We note that appellant made no argument below, and makes no argument here, that the trial court's error had the effect of "rescind[ing]" his written plea agreement with the Commonwealth's attorney, the terms of which were imposed by the trial court. *See Howell*, 60 Va. App. at 746 (noting that a manifest injustice occurs when a plea is based on a rescinded plea agreement).

- 6 -

agreement. Appellant thus received exactly the sentence he had agreed should be recommended by the Commonwealth's attorney, regardless of how the trial court characterized the agreement.[3] And although appellant argued at the motion hearing, as he argues now, that regarding the agreement's terms as a recommendation would have allowed the trial court to impose less than three years' active incarceration, appellant previously had argued for exactly three years. Counsel for appellant stated at sentencing that "that's a reasonable period of time for both parties, and we ask the [c]ourt to accept that." At the subsequent motion hearing, counsel acknowledged it was "true" that at sentencing "[n]obody made any mention" of the court departing downward from the recommended sentence. Appellant cannot approbate and reprobate, maintaining that the trial court's treatment of the sentencing agreement denied him the possibility of a shorter active term of incarceration when he previously had requested exactly the term he received. *See Commonwealth v. Holman*, 303 Va. 62, 71 (2024) ("[A] litigant cannot 'approbate and reprobate by taking successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.' 'The prohibition . . . forces a litigant to elect a particular position, and confines [them] to the position . . . first adopted.'" (citation

---

[3] We acknowledge that at the plea colloquy, the trial court informed appellant about certain procedural matters that pertain to the treatment of a dispositional plea agreement rather than a recommendation plea agreement. *See* Rule 3A:8(c)(2) (noting that if the agreement is dispositional in nature, "the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a presentence report"; however, where a recommendation agreement is concerned, "the court must advise the defendant that, if the court does not accept the recommendation . . . , the defendant nevertheless has no right to withdraw his plea, unless the Commonwealth fails to perform its part of the agreement. In that event, the defendant has the right to withdraw his plea."). But appellant did not object during the colloquy to the trial court's characterization of his plea agreement as a dispositional one, or to the court's consequent recitation of inapposite language from the Rule. And he assigns no error to the trial court based specifically on the court's employment of the Rule's language. Accordingly, appellant has waived any argument pertaining to the language of Rule 3A:8. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); Rule 5A:20(c)(1) ("Only assignments of error listed in the brief will be noticed by this Court.").

omitted) (first quoting *Rowe v. Commonwealth*, 277 Va. 495, 502 (2009); and then quoting

*Matthews v. Matthews*, 277 Va. 522, 528 (2009))); *id.* (noting that the doctrine "precludes

litigants from . . . 'blowing hot and cold' depending on their perceived self-interests" (quoting

*Babcock & Wilcox v. Areva*, 292 Va. 165, 204 (2016))).

Based on this record, appellant has failed to demonstrate that a manifest injustice has

occurred.  Accordingly, the trial court did not abuse its discretion when it denied his

post-sentencing motion to withdraw his guilty pleas.[4]

III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

[4] To the extent appellant argues on brief that he received ineffective assistance of counsel, we note that "[c]laims raising ineffective assistance of counsel must be asserted in a habeas corpus proceeding and are not cognizable on direct appeal." *Lenz v. Commonwealth*, 261 Va. 451, 460 (2001). *See also* 1990 Va. Acts, ch. 74 (repealing Code § 19.2-317.1).