PRESENT: Lemons, C.J., Goodwyn, Mims, McClanahan, Powell and Kelsey, JJ., and Russell, S.J.

ELISEO GRANADO, JR.

OPINION BY
JUSTICE S. BERNARD GOODWYN
September 8, 2016

v. Record No. 150936

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in denying a petition for appeal on the basis that there was no timely written statement of facts in lieu of a transcript in the record.

BACKGROUND

Eliseo Granado, Jr. (Granado) was convicted of driving a motor vehicle while intoxicated in violation of Code § 18.2-266 in the Circuit Court of the City of Chesapeake. The circuit court entered its order on June 24, 2014. On July 18, 2014, Granado filed a notice of appeal to the Court of Appeals of Virginia.

On August 18, 2014, the deadline for filing a written statement of facts pursuant to Rule 5A:8(c), Granado filed a proposed written statement of facts in the clerk's office of the circuit court. On August 20, 2014, a revised version of the proposed statement of facts signed by Granado's counsel and signed "Seen and agreed" by the Commonwealth was submitted to the circuit court, and it was signed by the circuit court judge on August 22, 2014. The circuit court clerk's office did not include the original proposed written statement of facts filed on August 18, 2014, which had not been signed by the circuit court judge, in the contents of the record submitted to the Court of Appeals.

On February 6, 2015, the Court of Appeals entered a per curiam order noting that the statement of facts contained in the record was apparently submitted to the circuit court on August 20, 2014, and entered by the circuit court on August 22, 2014, although pursuant to Rule 5A:8(c), the statement of facts was due to be filed by August 18, 2014. Thus, it concluded that the statement of facts was not timely filed and was not part of the record to be considered on appeal. In its order, the Court of Appeals held that because there was no timely filed transcript or written statement of facts in the record, the record was insufficient to address the assignments of error raised by Granado, and it denied Granado's petition for appeal.

Subsequently, on February 9, 2015, the circuit court clerk's office transmitted an amended record, which included the proposed statement of facts filed on August 18, 2014, to the Court of Appeals. On February 19, 2015, Granado filed a demand for review by a three-judge panel, notified the Court of Appeals of the new document in the amended record certified by the circuit court clerk, and argued that the newly included document proved that his statement of facts was timely filed. He also argued that the circuit court's failure to send the unsigned August 18, 2014 statement of facts to the Court of Appeals in the originally forwarded record was not a valid basis for denial.

On May 14, 2015, a three-judge panel of the Court of Appeals denied Granado's petition for appeal for the same reasons as it stated in the February 6, 2015 per curiam order. Granado appealed to this Court, and we granted the following assignment of error:

> The Court of Appeals of Virginia erred when it denied the Petition for Appeal without reaching the merits of the issues raised in the Petition, because the Court of Appeals incorrectly ruled that Granado's Statement of Facts was not part of the record.

2

ANALYSIS

Granado argues that the Court of Appeals erred by denying his petition for appeal on the basis that the record was insufficient for it to evaluate his assignments of error. He claims that the Court of Appeals based its decision on the erroneous conclusion that no statement of facts had been timely submitted to the circuit court, and thus, the signed statement of facts in the case file was not properly part of the record. He also contends that the original version of the statement of facts filed on August 18, 2014 was properly added to the contents of the case record by an amendment to the record certified by the circuit court clerk, and it should have been considered by the three-judge panel as proof that a statement of facts was timely filed within the period prescribed by Rule 5A:8(c). Further, he notes that the August 20, 2014 version of the statement of facts was signed by the circuit court judge, certifying compliance with Rule 5A:8.

The Commonwealth claims that the Court of Appeals properly denied the appeal because Granado failed to include a timely filed statement of facts in the record, based upon the contents of the record as originally certified by the clerk of the circuit court. It adds that the clerk of the circuit court was not allowed to amend the record on appeal to add the proposed written statement of facts filed with the circuit court on August 18, 2014, without the Court of Appeals awarding a writ of certiorari that ordered the circuit court to forward the missing document.

Granado's appeal concerns the interpretation of the Rules of this Court, so we review the Court of Appeals' decision de novo. *LaCava v. Commonwealth*, 283 Va. 465, 469-70, 722 S.E.2d 838, 840 (2012).

Rule 5A:7(a)(1) states, in relevant part, that the record on appeal from a trial court should contain "the documents and exhibits filed or lodged in the office of the clerk of the trial court." Rule 5A:7(a)(7) states that the record on appeal should include the transcript of any proceeding

3

or "a written statement of facts, testimony, and other incidents of the case when made a part of the record as provided in Rule 5A:8."

Rule 5A:8(c) provides the requirements for a party to enter into the record a written statement of facts in lieu of a transcript to provide an authoritative account of the events at trial for the Court of Appeals' review. It states, in relevant part:

A written statement of facts, testimony, and other incidents of the case becomes a part of the record when:

(1) within 55 days after entry of judgment a copy of such statement is filed in the office of the clerk of the trial court. . . . ; and

(2) the statement is signed by the trial judge and filed in the office of the clerk of the trial court.

Rule 5A:8(d) provides, in relevant part, "At any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the transcript or written statement."

The initial record before the Court of Appeals included the document filed on August 20, 2014, which was signed by the circuit court judge, but not the version of it filed on August 18, 2014, which was not signed by the circuit court judge. After rendering its first denial of Granado's petition for appeal, the Court of Appeals received an amended record that contained the August 18, 2014 version of the statement of facts. The amended record was received before the three-judge panel proceeding.

Because the August 18, 2014 version of the statement of facts was filed with the circuit court clerk, it was properly contained within the record. Rule 5A:7(a)(1) provides that the record on appeal from a circuit court to the Court of Appeals should contain "the documents and exhibits filed or lodged in the office of the clerk of the trial court." The fact that this document was never signed by the circuit court judge prevents it from being considered as an authoritative

4

account of the events at trial in lieu of a transcript, but it does not prevent it from being contained within the record transmitted by the clerk of court.

Further, while the Court of Appeals did not award a writ of certiorari pursuant to Code § 8.01-675.4 ordering the circuit court to transfer the proposed written statement of facts filed by Granado on August 18, 2014, no such writ was required because such writs are only necessary after a petition for appeal has been granted. Code § 8.01-675.4 provides, "The [Court of Appeals] may, in any case, after reasonable notice to counsel in the appellate court, award a writ of certiorari to the clerk of the trial court and have brought before it, when part of a record is omitted, the whole or any part of such record." In *Godfrey v. Commonwealth*, 227 Va. 460, 465, 317 S.E.2d 781, 784 (1984), while evaluating the companion statute to Code § 8.01-675.4 that addresses writs of certiorari in appeals to this Court, we held, "After the record has been transmitted to this Court pursuant to Rule 5:15 *and an appeal has been granted*, the record on appeal cannot be enlarged except by our award of a writ of certiorari under Code § 8.01-673." (Emphasis added.) Thus, a writ of certiorari is necessary for this Court to request materials missing from the record only after a petition for appeal has been granted. Because the language in Code §§ 8.01-673 and 8.01-675.4 is substantively the same, the ruling from *Godfrey* informs the proper interpretation of Code § 8.01-675.4. *See, e.g., Lahey v. Johnson*, 283 Va. 225, 231, 720 S.E.2d 534, 537 (2012). "Because [the two statutes at issue] clearly address the same subject matter, we construe them together under the 'in pari materia' canon of construction." (quoting *Evans v. Evans*, 280 Va. 76, 83 n.2, 695 S.E.2d 173, 176 n.2 (2010)).

Because Granado's appeal had not yet been granted, the Court of Appeals was not required to award a writ of certiorari before it could consider the contents of the amended record

5

certified by the clerk of the circuit court, which included the proposed written statement of facts filed on August 18, 2014.

A trial judge has the power to correct a written statement at any time while it remains in the office of the clerk after notifying counsel and providing an opportunity for a hearing. Rule 5A:8(d). Thus, as long as a proposed written statement of facts was timely filed and the notice and hearing requirements are satisfied, this correction power allows a trial court to enter a revised version of a timely filed statement of facts.

The August 20, 2014 version of the statement of facts amounted to a request that the circuit court correct the version filed on August 18, 2014, after it was reviewed and amended to the satisfaction of the Commonwealth. The amended statement of facts was seen and agreed to by both parties, so both parties had notice of the proposed change and, because there was no disagreement with the version signed by the judge, there was no need for a hearing. The circuit court exercised its power to correct the proposed statements of facts filed on August 18, 2014 by signing the August 20, 2014 version.

Therefore, the statement of facts signed by the circuit court judge was timely filed in the circuit court, complied with the requirements of Rule 5A:8, and was properly part of the record as an authoritative account of the events that occurred at trial in lieu of a transcript. The Court of Appeals erred by ruling that there was no such statement of facts in the record for its consideration.

CONCLUSION

In summary, for the reasons stated, we will reverse the Court of Appeals' decision and remand the case to the Court of Appeals with the direction that it review Granado's petition for

6

appeal considering the statement of facts entered by the circuit court on August 22, 2014 as a timely and authoritative written statement of facts in lieu of a transcript.

*Reversed and remanded.*