PRESENT: All the Justices

GERMAN CORTES VELAZQUEZ

OPINION BY
v. Record No. 150849                    CHIEF JUSTICE DONALD W. LEMONS
                                        OCTOBER 27, 2016
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in holding that the trial court lacked jurisdiction to consider a defendant's motion to withdraw his guilty plea and whether, in an alternative holding by the trial court, it abused its discretion by denying the motion on its merits.

I.  Facts and Proceedings

On October 30, 2014, in the Circuit Court of the City of Staunton ("trial court"), German Cortes Velazquez ("Velazquez") pleaded guilty to the charge of computer solicitation of a child in violation of Code § 18.2-374.3.  During the October 30 hearing, Velazquez, who spoke limited English, was aided by a Spanish interpreter and represented by counsel.  Upon conferring with his attorney, Velazquez signed a guilty plea questionnaire and a written plea agreement.  After a thorough plea colloquy, in which Velazquez was fully advised of his rights, the trial court accepted his guilty plea pursuant to the plea agreement.  The court advised Velazquez that he would be sentenced to 15 years' imprisonment with 10 years suspended.  Velazquez had also been indicted on a charge of attempted indecent liberties with a minor in violation of Code § 18.2-370.  In consideration of his guilty plea to the charge of computer solicitation, the Commonwealth agreed to nolle prosequi the charge of attempted indecent liberties.

Shortly after he entered his guilty plea, Velazquez submitted a pro se notice of appeal in the form of a handwritten letter to the trial court.  The letter was dated November 4, 2014, and stated:

> Dear Mr. Thomas Roberts, Clerk
> I have notified my attorney Michael J. Hallahan as of today that I do wish to appeal my conviction in the Staunton Circuit Court on October 30th, 2014 and its sentence of 5 years.
> I am appealing because I am Hispanic and there is a language barrier that I did have an interpreter for, however they (my attorney and interpreter) both spoke very fast and I feel I was forced to sign a plea deal out of fear and anxiety derived from this problem.
> I did not understand I was signing a plea bargain for five years.
> Please note my intentions to appeal.
> Thank you (gracias).
> German C.V.

On November 17, 2014, the trial court entered an order sentencing Velazquez in accordance with the plea agreement.  Because of Velazquez' pro se filing, on November 18, 2014, the trial court appointed new counsel to represent Velazquez on appeal.  Shortly thereafter, on November 25, 2014, Velazquez' new attorney simultaneously filed a notice of appeal and a Motion to Withdraw Guilty Plea pursuant to Code § 19.2-296.  In a December 3, 2014 filing, the Commonwealth opposed the withdrawal motion, arguing that Velazquez made his guilty plea "freely, voluntarily and intelligently with an understanding of the nature of the charge and an awareness of the consequences."  The Commonwealth further argued that Velazquez "had the benefit of a certified interpreter through all the proceedings" and that "a withdrawal of the plea would be prejudicial to the Commonwealth."  On December 5, 2014, the trial court heard argument on Velazquez' motion to withdraw his guilty plea.  At the beginning of the hearing, Velazquez' attorney explained:

2

> I wanted the Court to understand . . . that the reason that this motion came after the Notice of Appeal was to preserve [Velazquez'] appeal rights. And I've learned of his . . . desire to withdraw his plea subsequent to my appointment, so that's why we are here today. [T]he only evidence I will put on today will be . . . testimony from Mr. Velazquez.

Velazquez then testified that he had only five minutes to review the plea agreement with his first attorney. He stated that he became confused because his first attorney and the translator each spoke quickly and that he was trying to "tend to both of them at the same time." Velazquez also said that he "really wanted to go to trial" even though he could face a significantly greater period of incarceration. On cross-examination the Commonwealth attempted to show that Velazquez fully understood the consequences of the plea agreement at the time he entered his plea. Velazquez responded, "I don't have a good memory" and "I was afraid and confused."

At the conclusion of Velazquez' testimony but before the parties presented their arguments, the trial court raised a concern regarding its jurisdiction to consider the motion:

> Mr. Velazquez filed on his own behalf with the Court on November 10th [which] the Court treated as a Notice of Appeal. You also, Mr. Cormier, on . . . December the -- let me see, November 25th filed a Notice of Appeal. My understanding that that [sic] -- by filing a Notice of Appeal, perfects the appeal, that's what you need to perfect an appeal to the Virginia Court of Appeals.
>
> Once an appeal is perfected, the jurisdiction of the Appellate Court on the subject matter of the parties attaches and the Trial Court has no power to render any further decisions affecting the parties or the subject matter of the case until it's remanded, so how can, even if I were to find that there is a manifest injustice here, … it appears to me from my review of the record and the law in Virginia, that I'm powerless to do anything.
>
> That -- this case is now with the Court of Appeals and probably was [ ] when he filed his Notice of Appeal and certainly is now that he -- you on his behalf has filed another Notice of Appeal? Once that -- once that notice and once the appeal is perfected, the case is before the Court of Appeals. And in this case, when he filed

3

his notice or his letter, a transcript was prepared, counsel was appointed for him for that appeal and this case is now -- the jurisdiction of this case is before the Virginia Court of Appeals and no longer does this Court have any power to do anything.

Velazquez' counsel responded by admitting he had not anticipated an objection on jurisdictional grounds and that "I can't articulate an argument . . . off the top of my head without having research on that." The trial court then asked for the Commonwealth's position on the question of jurisdiction. The Commonwealth's Attorney responded:

I think that under the manifest injustice . . . there could be issues raised on that that would allow the Court to still retain jurisdiction potentially even with the filing of appeal . . . .

[B]ut I think if the Court determines that you did have jurisdiction, that the validity of the plea agreement, particularly the colloquy that the Court engaged in, I think it would be difficult to ask the Court in this posture. . . to make a ruling on that. That's a ruling for the . . . Appellate Court.

The trial court then permitted a ten-minute recess so that Velazquez' attorney could quickly research the jurisdictional issue. Velazquez' attorney returned and argued that the trial court had not yet lost jurisdiction over his client's case:

I briefly I want to address the jurisdictional argument. . . on the record. . . . I believe that the Court is correct when it says that a Notice of Appeal would confer jurisdiction onto the Court of Appeals. . . , however, I do not necessarily agree that that would divest a Circuit Court of any concurrent jurisdiction . . . .

I don't believe there's any statutory . . . prohibition that says this Court lost jurisdiction and I think with respect to a motion of this nature, the Court would have at least concurrent jurisdiction with the Court of Appeals.

Velazquez' counsel then cited *Ghameshlouy v. Commonwealth*, 279 Va. 379, 689 S.E.2d 698 (2010), for the proposition that a notice of appeal was merely a ministerial act "that did not necessarily deprive any other courts of jurisdiction."

4

Despite this argument, the trial court concluded that it lacked jurisdiction, and alternatively, that Velazquez did not prove "manifest injustice" to withdraw his guilty plea. The trial court held that "the law is clear that once an appeal is perfected," the appellate court obtains jurisdiction over the case.

> [Thereafter] the trial court has no power to render any further decision affecting the parties in the cause until it is remanded back for further action. So I don't believe that the Court has jurisdiction to enter an order allowing Mr. Velazquez to withdraw his guilty plea, but even if the Court did have jurisdiction, the record does not reflect any manifest injustice in this case.

In addressing whether Velazquez showed "manifest injustice" pursuant to Code § 19.2-296, the trial court concluded:

> There was never any question that he was confused, that he did not understand the nature of the proceedings, [or] the . . . ramifications of what he was doing[,] and in fact there are -- there is indication that the questions [were] asked to him slowly[;] that . . . there were . . . breaks in the questions [and] that . . . they weren't asked all at one time so that the interpreter could. . . have an opportunity, because some of the questions are very lengthy, to advise him fully[. A]t no time did he indicate he did not understand except for one occasion which we gave him an opportunity to then ask the question and clarify. [H]e said he answered all the questions truthfully–[, and] the record reflect[s] that there is nothing to indicate that he did not understand what was going on….

Accordingly, on December 12, 2014, the court entered an order denying Velazquez' motion to withdraw his guilty plea on the basis that the court "no longer has jurisdiction over the matter" and for the additional reason that "no manifest injustice occurred in this case."

Velazquez noted his objection and filed his petition for appeal with the Court of Appeals. In an unpublished per curiam order entered on May 20, 2015, the Court of Appeals denied Velazquez' appeal, holding that "the trial court concluded it no longer had jurisdiction after the appeal was filed. We agree." Specifically, the Court of Appeals held that:

5

When appellant filed his notice of appeal, the trial court was divested of jurisdiction. *See McCoy v. McCoy*, 55 Va. App. 524, 528, 687 S.E.2d 82, 84 (2010) ("When a party files a notice of appeal, that notice 'effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court.'" (quoting *Watkins v. Fairfax County Dep't of Family Servs.*, 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004))); *Walton v. Commonwealth*, 256 Va. 85, 95, 501 S.E.2d 134, 140 (1998) ("We do not consider this purported order because the trial court was divested of jurisdiction once the defendant filed his notices of appeal."). As the Supreme Court noted in *Ghameshlouy v. Commonwealth*, 279 Va. 379, 390, 689 S.E.2d 698, 703 (2010),

> Although the circuit court's jurisdiction over the case extends 21 days beyond the entry of the final order, Rule 1:1, an appellate court will acquire jurisdiction over the case if a party aggrieved of the judgment, who was properly before the circuit court, notes an appeal of the judgment in the circuit court in accord with the rules of the appellate court having jurisdiction over the subject matter of the case.

Therefore, the trial court properly held that it lacked jurisdiction to consider his post-sentencing motion to withdraw his guilty plea.

*Velazquez v. Commonwealth*, Record No. 2157-14-3, slip op. at 1-2 (May 20, 2015).  Because the Court of Appeals concluded that the trial court lacked jurisdiction to consider the motion to withdraw the guilty plea, it declined to address whether Velazquez had shown "manifest injustice."  *Id*. at 2.

Velazquez timely filed a petition for appeal with this Court, and we granted his appeal on the following assignments of error:

> (1) The Trial Court and the Court of Appeals erred when each held that the Trial Court did not have jurisdiction to consider Mr. Velazquez' post-sentencing Motion to Withdraw his Guilty Plea because Mr. Velazquez had filed a Notice of Appeal.  Mr. Velazquez filed his motion within the proper statutory deadline for such a motion and that deadline does not conflict with the deadline for a notice of appeal.  Reading all relevant statutes together establishes that the Trial Court retained jurisdiction to consider the motions notwithstanding Mr. Velazquez' filing of a notice of appeal. The Court of Appeals decision involves matters of significant precedential value because there is no Virginia case law construing the interplay of the notice of appeal deadline in relation

6

to the deadline to move to withdraw a plea. Furthermore, there is conflicting case law from this Court regarding the divest[it]ure of a trial court's jurisdiction after an appeal is noted.

(2) The Trial Court erred when it held that Mr. Velazquez did not establish "manifest injustice" to support his post-sentencing Motion to Withdraw Guilty Plea due to the hasty and ill-advised plea agreement which was negotiated without effective assistance of counsel in a few minutes following a pre-trial hearing that occurred immediately prior to the plea hearing.  Because it ruled against Mr. Velazquez on Issue Number 1, the Court of Appeals did not address this issue.  The Court of Appeals decision involves matters of significant precedential value regarding the interpretation of "manifest injustice" in the context of a post-sentencing motion to withdraw a plea when the plea and sentence occur in the same hearing under conditions that undermine the voluntariness of the plea.

## II.  Analysis

### A.  Standard of Review

Whether the trial court had jurisdiction to consider Velazquez' motion to withdraw his guilty plea after he filed his notice of appeal is a question of law which we review de novo. *Henderson v. Ayers & Hartnett, P.C.*, 285 Va. 556, 563, 740 S.E.2d 518, 521 (2013), *Country Vintner, Inc. v. Louis Latour, Inc.*, 272 Va. 402, 410, 634 S.E.2d 745, 750 (2006).  However, the decision to deny a motion to withdraw a guilty plea on the merits is reviewed for an abuse of discretion based on the "facts and circumstances of each case." *Parris v. Commonwealth*, 189 Va. 321, 324, 52 S.E.2d 872 (1949); *see Justus v. Commonwealth*, 274 Va. 143, 152, 645 S.E.2d 284, 288 (2007) (holding that "*Parris* remains the standard for consideration and review of a motion made under [Code § 19.2-296]").

### B.  Jurisdiction of the Trial Court

Code § 19.2-296 provides that:

A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence

7

> is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Under the express terms of this statute, within 21 days of the entry of a final order imposing a sentence, a defendant may seek to withdraw a guilty plea "to correct [a] manifest injustice." Code § 19.2-296 reflects Virginia's well-established 21-day rule, Supreme Court Rule 1:1, which provides that:

> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

*See also Super Fresh Food Markets of Virginia, Inc. v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002) ("[T]he order renders a final judgment and the twenty-one-day time period prescribed by Rule 1:1 begins to run.").

The trial court entered Velazquez' final sentencing order on November 17, 2014. On December 5, 2014, at the hearing on Velazquez' motion to withdraw his guilty plea, only 18 days had elapsed from entry of the final sentencing order. The trial court still had three days to consider and rule on Velazquez' motion. Instead, the trial court erroneously concluded that it had lost jurisdiction the moment Velazquez noted his appeal on November 25, 2014.

Filing the notice of appeal did not divest the trial court of jurisdiction; the plain language of Code § 19.2-296 gave the trial court 21 days from the entry of its final order to consider any motions to withdraw a guilty plea and "to set aside the judgment of conviction and permit a defendant to withdraw his plea." Code § 19.2-296. The motion to withdraw Velazquez' guilty plea was filed within that time period, and the trial court had jurisdiction to consider the merits of the motion and rule on it.

8

In support of its erroneous ruling that the trial court lost jurisdiction to decide Velazquez' motion to withdraw his plea, the Court of Appeals cited *Ghameshlouy v. Commonwealth*, 279 Va. 379, 394, 689 S.E.2d 698, 706 (2010) (holding that the notice of appeal "is all that is required for the Court of Appeals to obtain jurisdiction over the case"). However, our holding in *Ghameshlouy* addressed an entirely different question. That case concerned the time at which an appellate court obtained jurisdiction over a case. Here, the relevant question is not when the Court of Appeals obtained jurisdiction, but whether the trial court lost jurisdiction over Velazquez' motion to withdraw his plea.

The Commonwealth also relied on language from our decision in *Walton v. Commonwealth*, 256 Va. 85, 501 S.E.2d 134 (1998). In *Walton*, the trial court attempted to enter a nunc pro tunc order after we heard oral argument in a capital appeal, in order to clarify that it had found the defendant's acts involved the depravity of mind. *Id*. at 95, 501 S.E.2d at 140. Under those circumstances, we held that "the trial court was divested of jurisdiction once the defendant filed his notices of appeal." *Id.* This attempted action by the trial court in *Walton* clearly occurred after more than 21 days had passed, and we had heard oral argument in a pending appeal. Unlike Velazquez' circumstances, there was no statute like Code § 19.2-296 that expressly granted the trial court jurisdiction for 21 days after final judgment to decide a specific motion. Additionally, the order of the trial court in *Walton*, purportedly entered nunc pro tunc, was attempted to be entered far beyond 21 days after the final sentencing order in the case. Simply stated, *Walton* is inapplicable to the controversy in this case.

The fact that an appellate court has obtained jurisdiction over an appeal does not necessarily divest a trial court of all jurisdiction to act upon certain matters. For example, a trial court retains jurisdiction beyond the 21 days to set a bond to suspend execution of a judgment or

to modify the terms of the security for the appeal. *See* Code § 8.01-676.1. A trial court also retains jurisdiction to decide matters related to the appellate record, such as the written statement of facts. Rules 5:11(e) and 5A:8(c) require that counsel file a written statement of facts with the clerk of the trial court within 55 days of entry of judgment to allow the trial court to rule on any objections or make any corrections before signing the statement and certifying the record as complete. Recently, in *Granado v. Commonwealth*, we held that pursuant to Rule 5A:8(d) "[a] trial judge has the power to correct a written statement [of facts] at any time while it remains in the office of the clerk after notifying counsel and providing an opportunity for a hearing." *Granado v. Commonwealth*, 292 Va. __, ___, 790 S.E.2d 233, 237, 2016 Va. LEXIS 110, at *8 (Sept. 8, 2016). And under the plain language of Code § 19.2-296, regardless of when a notice of appeal is filed, a trial court retains jurisdiction for 21 days after entry of its final order to consider a motion to withdraw a guilty plea.

In this case, Velazquez' motion to withdraw the guilty plea was filed and argued before the 21-day period expired. Pursuant to Code § 19.2-296, the trial court erred in ruling that it had no jurisdiction to consider the motion and rule on it within the 21-day period. Accordingly, the Court of Appeals also erred in holding "the trial court properly held that it lacked jurisdiction to consider [Velazquez'] motion."

Despite finding it lacked jurisdiction to consider the motion, the trial court then considered the merits of Velazquez' motion to withdraw his guilty plea. The trial court held that "even if the Court did have jurisdiction, the record does not reflect any manifest injustice in this case."

10

C. Velazquez Failed to Prove "Manifest Injustice"

Velazquez argues that he "pled and was sentenced *on the same day* (October 30, 2014) after he appeared in court for a pre-trial motion and when he had but a few minutes to review and sign the plea agreement with virtually no consultation with his trial attorney." (Opening Br. at 21) (emphasis in original). He contends "there is no evidence that he received effective counsel with regards to the terms of the agreement from his English speaking trial counsel in the minutes between the adjournment of his pre-trial motion hearing which turned unexpectedly into a plea and sentencing hearing." *Id.*

Of course, Velazquez has the burden of proof on his motion to withdraw his guilty plea. Under Code § 19.2-296, a defendant who moves to withdraw a guilty plea *before* sentencing need only show that his motion was made in good faith and premised upon a reasonable basis. *Bottoms v. Commonwealth*, 281 Va. 23, 34, 704 S.E.2d 406, 412 (2011); *Justus v. Commonwealth*, 274 Va. 143, 155-56, 645 S.E.2d 284, 290 (2007). However, when a defendant moves to withdraw a guilty plea *after* the trial court has imposed a sentence, he must show "manifest injustice" in order to succeed on his motion to withdraw the plea. *See* Code § 19.2-296. This "more severe standard is applied to avoid motions for withdrawal based on disappointment in the terms of the sentence imposed." *Lilly v. Commonwealth*, 218 Va. 960, 965, 243 S.E.2d 208, 211 (1978) (quoting *Paradiso v. United States*, 482 F.2d 409, 416 (3d Cir. 1973)).

In this case, Velazquez sought to withdraw his guilty plea exactly one week *after* the trial court entered the final sentencing order. As a result, Velazquez needed to prove that his motion to withdraw his guilty plea was necessary "to correct manifest injustice." *See* Code § 19.2-296. "The term 'manifest' is defined as being 'synonymous with open, clear, visible, unmistakable,

11

indubitable, indisputable, evident, and self-evident. In evidence, *that which is clear and requires no proof; that which is notorious.'" Johnson v. Anis*, 284 Va. 462, 466, 731 S.E.2d 914, 916 (2012) (emphasis in original) (quoting Black's Law Dictionary 962 (6th ed. 1990)). In *Howell v. Commonwealth*, 60 Va. App. 737, 746, 732 S.E.2d 722, 727 (2012), a defendant challenged the denial of his post-sentencing motion to withdraw his guilty plea. Applying Code § 19.2-296, the Court of Appeals affirmed the trial court and held that "manifest injustice amounts to an obvious miscarriage of justice, such as an involuntary guilty plea or a plea based on a plea agreement that has been rescinded." *Id.* (citing Black's Law Dictionary 1048 (9th ed. 2009) (defining "manifest injustice" as "[a] direct, obvious, and observable error in a trial court")).

There is no evidence in this case to indicate a miscarriage of justice. In *Justus*, we rejected the notion that in the context of a motion seeking to withdraw a guilty plea "admissions made by a defendant in a guilty plea and the attendant colloquy were presumed to be valid." 274 Va. at 154, 645 S.E.2d at 289. We held that "when a defendant files a motion under Code § 19.2-296, he is necessarily seeking to repudiate the admission of guilt, and some, if not all, of the admissions made in the guilty plea colloquy." *Id.* However, in this case Velazquez admitted at the hearing on his motion to withdraw that his answers during the plea colloquy were truthful. He has not asserted that his plea was involuntary. *See Howell*, 60 Va. App. at 746, 732 S.E.2d at 727. Also, Velazquez has not claimed that the trial court or the Commonwealth violated any of the terms of the plea agreement or that the plea agreement was rescinded. *See id.* The trial court found that Velazquez understood the charges and voluntarily entered into the plea agreement. Accordingly, Velazquez failed to carry his burden of proof and the trial court correctly held that "the record does not reflect any manifest injustice in this case."

In this case, both the Court of Appeals and the trial court erred in holding that the trial court had lost jurisdiction to consider Velazquez' motion to withdraw his plea. Although the Court of Appeals failed to address the merits of Velazquez' motion to withdraw the guilty plea, the trial court did not abuse its discretion when it denied the motion on the alternative basis that Velazquez failed to prove manifest injustice. We hold that the trial court's alternative holding was fully supported by evidence in the record, and Velazquez suffered no manifest injustice requiring the trial court to permit him to withdraw his guilty plea. Because this appeal is from the Court of Appeals and it did not address the question of manifest injustice, we will affirm the judgment of the Court of Appeals as the right result for the wrong reason. *See Perry v. Commonwealth*, 280 Va. 572, 579-80, 701 S.E.2d 431, 435-36 (2010); *Whitehead v. Commonwealth*, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009).

## III. Conclusion

For the reasons stated, we will affirm the judgment of the Court of Appeals.

*Affirmed*.