PRESENT:  All the Justices

TAMARA FELICIA BROWN

v.  Record No. 180537

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
May 2, 2019

FROM THE COURT OF APPEALS OF VIRGINIA

Tamara Brown appeals from the refusal of the circuit court to set aside her guilty plea. For the reasons noted below, we conclude that the circuit court did not abuse its discretion in denying Brown's motion.  Thus, for the reasons explained below, the judgment of the Court of Appeals will be affirmed.

BACKGROUND

The Commonwealth proffered the following evidence at Brown's guilty plea.  On May 12, 2016, Brown entered a Wal-Mart store after having been previously banned from the store.  A loss prevention officer observed her leaving the store without paying for items she had placed in her bags.  When the loss prevention officer confronted Brown, she asked if he was going to press charges.  She then left the items behind, ran to a vehicle, and fled.

Charged with trespass and the felony of petit larceny, third offense, Brown negotiated a plea agreement.  On January 30, 2017, pursuant to that agreement, she entered a plea of guilty to trespass and the lesser included misdemeanor offense of petit larceny, second offense.  From the bench, the court pronounced a sentence in conformity with the plea agreement:  twelve months in jail, with eleven months suspended for the petit larceny charge and twelve months, all suspended, for the trespass charge.

On February 1, 2017, before the circuit court entered the final sentencing order, Brown filed a motion to withdraw her guilty plea to the petit larceny conviction.  Counsel explained at a

hearing on the motion that Brown regretted pleading guilty, and stated that "she thinks she has some evidence now" that could be "present[ed] to the court to assist in her defense." Brown testified that she "just took the plea to try to avoid the felony" but she did not know that pleading guilty "would make [her] lose [her] house and [her] job." Brown worked in the school system and she learned she might lose her job as a consequence of her conviction. She also stated that she had "evidence to fight against this case" and that she was not guilty. Specifically, she stated that she had "evidence to prove that the merchandise was left in the store and [she] had [her] money returned back to [her], and all of that." The circuit court denied the motion and entered the final sentencing order. A three-judge panel of the Court of Appeals affirmed the circuit court's judgment in an unpublished opinion.[1] The defendant appeals.

## ANALYSIS

I. THE "MANIFEST INJUSTICE" STANDARD GOVERNS A MOTION TO WITHDRAW A GUILTY PLEA MADE AFTER SENTENCE WAS PRONOUNCED BUT BEFORE THE ORDER WAS ENTERED.

Under Virginia law, motions to withdraw a guilty plea are governed by two separate standards. The timing of the motion to withdraw determines which standard a court will apply to review the motion. A long line of cases, beginning with *Parris v. Commonwealth*, 189 Va. 321 (1949), have refined the standard that governs *pre-sentencing* motions to withdraw a guilty plea. Under the more forgiving pre-sentencing standard, a motion to withdraw should be granted if the guilty plea was "made involuntarily" or "entered inadvisedly, if any reasonable ground is offered for going to the jury." *Id.* at 325. Whether the guilty plea was voluntary and counseled are thus central considerations. "[A] defendant who moves to withdraw a guilty plea *before* sentencing

---

[1] *Brown v. Commonwealth*, Record No. 0269-17-1, 2018 Va. App. LEXIS 77 (March 27, 2018).

need only show that [1] his motion was made in good faith and [2] premised upon a reasonable basis." *Velazquez v. Commonwealth*, 292 Va. 603, 616 (2016). A reasonable basis must include a proffer of evidence showing a reasonable basis for contesting guilt." *Cobbins v. Commonwealth*, 53 Va. App. 28, 34 (2008) (citing *Justus v. Commonwealth*, 274 Va. 143, 155-56 (2007)). "The first requirement protects the integrity of the judicial process by precluding defendants from using a guilty plea as a subterfuge to manipulate the court. The second requirement defeats motions to withdraw which would result in an essentially futile trial." *Id.*

For example, where "it appears from the surrounding circumstances that the plea of guilty was submitted in good faith under an honest mistake of material fact or facts, or if it was induced by fraud, coercion or undue influence and would not otherwise have been made" a trial court should permit it to be withdrawn. *Parris*, 189 Va. at 324-25. In addition, courts should consider what prejudice withdrawing the plea might cause to the Commonwealth. *Pritchett v. Commonwealth*, 61 Va. App. 777, 787 (2013). Trial courts possess "sound discretion" to determine whether to allow a defendant to withdraw a pre-sentencing guilty plea, and the exercise of that discretion will of course turn on "the facts and circumstances of each case." *Parris*, 189 Va. at 324.

A motion to withdraw a guilty plea made *after sentencing* is governed by the "manifest injustice" standard. The manifest injustice standard comes from Code § 19.2-296. That statute provides as follows:

> [a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

3

Manifest injustice is a "more severe standard" and it applies post-sentencing "to avoid motions for withdrawal based on disappointment in the terms of the sentence . . . ." *Lilly v. Commonwealth*, 218 Va. 960, 965 (1978) (internal citation omitted). A manifest injustice "amounts to an obvious miscarriage of justice" or "[a] direct, obvious, and observable error in a trial court." *Velazquez*, 292 Va. at 616 (citations omitted).

Here, Brown filed her motion to set aside the guilty plea after the circuit court had pronounced Brown's sentence from the bench but before the entry of a written order. Brown argues that because no final order had been entered at the time of her motion, she was entitled to the more lenient, pre-sentencing standard. In *Howell v. Commonwealth*, 60 Va. App. 737 (2012), the Court of Appeals concluded that, in such a situation, the more stringent "manifest injustice" standard applies, noting that the rationale for that standard – avoiding "buyers' remorse" motions to withdraw – is present once the circuit court has pronounced its sentence. We agree with the holding in *Howell*. Brown also argues that application of this principle should be limited to felonies rather than misdemeanors. Specifically, she argues that because she, like many misdemeanants, was sentenced immediately upon pleading guilty while felons may have days or weeks between their plea and sentence, the manifest injustice standard should not apply. We see no reason to draw such a distinction. When a defendant moves to withdraw a guilty plea after the court has pronounced a sentence but before entry of the order imposing the sentence, the more demanding "manifest injustice" standard governs such motions.

4

II. THE TWO GROUNDS BROWN ADVANCED TO WITHDRAW HER GUILTY PLEA – A NON-VIABLE DEFENSE AND COLLATERAL CONSEQUENCES – DO NOT WARRANT VACATING A GUILTY PLEA UNDER THE POST-SENTENCING "MANIFEST INJUSTICE" STANDARD.

At trial, Brown's motion to withdraw her guilty plea rested upon two bases: she purported to offer a defense to the charge and complained about the collateral consequences of her conviction. We conclude that these grounds do not satisfy the "manifest injustice" standard.

A. Brown's proffered defense was no defense.

It is settled law that a circuit court's discretion to grant the motion to withdraw a guilty plea "'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" *Justus*, 274 Va. at 153 (quoting *Parris*, 189 Va. at 324-25). Moreover, the asserted defense must be "substantive" and a "reasonable defense." *Bottoms v. Commonwealth*, 281 Va. 23, 33-34 (2011).

Brown failed "to proffer evidence of a reasonable basis for contesting guilt." *Cobbins*, 53 Va. App. at 34. She stated that she was not guilty, and that she had evidence "to prove that the merchandise was left in the store and [she] had [her] money returned back to [her], and all of that." To prove petit larceny, however, the Commonwealth is not required to establish that the merchandise left the store. Larceny, a common law crime, is defined as "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently." *Bryant v. Commonwealth*, 248 Va. 179, 183 (1994); *see also Dunlavey v. Commonwealth*, 184 Va. 521, 524 (1945). In *Bryant*, we sustained a larceny conviction despite the fact that the defendant had not left the store with the merchandise. 248 Va. at 180-81, 183-84.

5

Brown's asserted defense was not viable as a matter of law. Consequently, the circuit court did not abuse its discretion in refusing to withdraw a guilty plea so that Brown could assert a legally groundless defense.

        B.      Lack of knowledge concerning collateral consequences does not justify vacating a guilty plea under the post-sentence manifest injustice standard.

Brown also pointed to the collateral consequences of her conviction. She argued her conviction could cause her to lose her job and home. "For a guilty plea to be constitutionally valid, a defendant must be made aware of all the direct, but not the collateral, consequences of his plea." *Meyer v. Branker*, 506 F.3d 358, 367-68 (4th Cir. 2007) (internal quotation marks omitted). These direct consequences ordinarily are covered by the standard colloquy with the court. "Courts reason that the lone concern is the case in which the plea is entered. Future or contemplated, but uncertain, consequences are irrelevant to the validity of the guilty plea." *People v. Williams*, 721 N.E.2d 539, 544 (Ill. 1999). "Because consequences attendant to the commission of an offense are so numerous and logically unforeseeable, to require more would be an absurdity and would impose upon the circuit court an impossible, unwarranted, and unnecessary burden." *State v. Fournier*, 385 A.2d 223, 224 (N.H. 1978).

"Direct consequences have a definite, immediate and largely automatic effect on the range of the defendant's punishment. A consequence is collateral when it is uncertain *or beyond the direct control of the court.*" *Meyer*, 506 F.3d at 368. (emphasis added) (internal quotations and citations omitted); *see also United States v. Littlejohn*, 224 F.3d 960, 965 (9th Cir. 2000) ("[W]here the consequence is contingent upon action taken by an individual or individuals other [than] the sentencing court . . . the consequence is generally 'collateral.'").

We have not previously addressed whether the prospect of loss of a job or housing can supply a basis for setting aside a guilty plea. Other courts, however, have explored analogous

6

arguments.[2] These courts uniformly have rejected claims that lack of knowledge concerning the impact of a guilty plea on job or housing prospects justified setting aside the plea. *See United States v. Muhammad*, 747 F.3d 1234, 1240 (10th Cir. 2014) (difficulty obtaining credit, securing employment, and obtaining housing and federal financial aid no basis upon which to set aside guilty plea); *United States v. Crowley*, 529 F.2d 1066, 1072 (3rd Cir. 1976) (withdrawal of guilty plea not justified on the ground that the defendant did not know that his conviction would result in the loss of his job as a fireman); *State v. Heitzman*, 508 A.2d 1161, 1164 (N.J. Sup. Ct. App. Div. 1986) ("We reject defendant's argument that he should be entitled at this date to have his plea set aside because neither the judge nor anyone else told him he would lose his state job as a collateral consequence if convicted of a crime."); *Nollette v. State*, 46 P.3d 87, 91-92 (Nev. 2002) ("Like other jurisdictions that have considered the issue, we hold that the loss of a professional license or employment is not a direct consequence of a guilty plea. Our holding is based on the fact that the revocation of a professional license is not a form of punishment imposed by the circuit court. Instead, like other collateral consequences, the revocation of a professional license or the termination of employment is the result of an action taken by a government agency or private entity."). In accord with these decisions, we conclude that actual or potential adverse employment or housing consequences that flow from Brown's guilty plea do not satisfy the manifest injustice standard and, therefore, did not provide a basis upon which to set aside her guilty plea.[3]

---

[2] We acknowledge *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010), where the United States Supreme Court held that, in the Sixth Amendment post-conviction context, counsel's failure to apprise a criminal defendant of the deportation consequences of a guilty plea is a proper basis for relief. No such issue is before us.

[3] Given our holding, we need not decide whether a trial court may consider collateral consequences when deciding a pre-sentence motion to withdraw a guilty plea.

CONCLUSION

The judgment of the Court of Appeals will be affirmed.

*Affirmed.*